IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL EDWARD CLEMENTS,

    Petitioner,

v.

CIVIL ACTION NO.: CV214-116

JASON MEDLIN, Warden, and
BRIAN OWENS, Commissioner,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Clements ("Clements"), who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a petition for writ of habeas corpus challenging his convictions and sentence obtained in the Long County, Georgia, Superior Court. Respondents filed a Response and a Motion to Dismiss. Clements filed two (2) Responses to the Motion to Dismiss. For the reasons which follow, Respondents' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Clements was convicted in the Long County Superior Court on April 19, 2007, after a jury trial, of kidnapping with bodily injury, aggravated assault, burglary, and aggravated sodomy. Clements was sentenced to life imprisonment. (Doc. No. 1, p. 1). Clements filed a motion for new trial on May 7, 2007, which was denied on April 21, 2010. (Doc. No. 5-3, p. 1). Clements filed a notice of appeal on May 19, 2010. The

Georgia Court of Appeals affirmed Clements' convictions and sentence by order dated May 4, 2011. (Doc. No. 5-5).

On April 18, 2012, Clements filed a state habeas corpus petition in the Wheeler County Superior Court. Clements' state habeas corpus petition was denied by order dated June 2, 2014. (Doc. No. 1-1). Clements filed an application for certificate of probable cause, which the Georgia Supreme Court dismissed on September 18, 2014. (Doc. No. 5-4).

In this petition, which was placed in the prison mail system on July 31, 2014, and filed in this Court on August 6, 2014, Clements asserts that he received ineffective assistance of trial and appellate counsel. Clements also asserts that there were excessive delays between the commission of the charged crimes and the trial and the trial and a hearing on his motion for new trial. Respondents contend Clements' petition should be dismissed as untimely filed.

## **DISCUSSION AND CITATION TO AUTHORITY**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

    (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

    (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

AO 72A
(Rev. 8/82)

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Clements' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Clements was convicted in the Long County Superior Court on April 19, 2007. Clements filed a motion for new trial, which was denied on April 21, 2010. Clements filed a direct appeal on May 9, 2010. The Georgia Court of Appeals affirmed Clements' convictions and sentence on May 4, 2011. Clements had a period of ten (10) days to file a motion for reconsideration or a petition for writ of certiorari. GA. CT. APP. R. 38. Clements filed neither of these pleadings. Thus, his conviction became final on or about May 16, 2011, as May 14, 2011, fell on Saturday. FED. R. CIV. P. 6(a)(1)(C) (if the last day of a period is a Saturday, Sunday, or legal holiday, the period continues until the next day that is not a Saturday, Sunday, or legal holiday). Because Clements's conviction became final on May 16, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is

3

pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Clements' conviction became final on May 16, 2011, and he filed his state habeas corpus petition on April 18, 2012. By that time, 338 days of the statute of limitations period applicable to section 2254 petitions had elapsed. Clements' state habeas petition was denied on June 2, 2014, and he had until July 2, 2014, to file properly a notice of appeal in the Wheeler County Superior Court and an application for certificate of probable cause to appeal with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court."). Clements' application for certificate of probable cause to appeal was not accepted for filing in the Georgia Supreme Court until July 17, 2014, when Clements also submitted an affidavit of indigency. (Doc. No. 5-4).

AO 72A
(Rev. 8/82)

The undersigned notes that the Georgia Supreme Court notified Clements by letter dated June 25, 2014, that he did not pay the filing costs or supply a sufficient pauper's affidavit. (Doc. No. 8, p. 6). Clements' certificate of probable cause to appeal would have been timely (and properly filed) pursuant to then-applicable Georgia Supreme Court Rule 13. This Rule states that a document submitted by a pro se prisoner "shall be deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the Supreme Court Clerk." GA. SUPR. CT. R. 13(3). However, the Georgia Supreme Court also requires that costs associated with filing a case with that court be paid at the time of the filing of the brief. "The Clerk is prohibited from receiving or filing an application . . . unless the costs have been paid or sufficient evidence of indigency . . . is filed or contained in the appellate record." GA. SUPR. CT. R. 5, ¶ 2.[1] It was on these bases that the Georgia Supreme Court did not accept for filing Clements' certificate of probable cause to appeal the denial of his state habeas corpus petition until July 17, 2014. (Doc. No. 8, p. 6). The Georgia Supreme Court has noted that "nothing in O.C.G.A. § 9-14-52 excuses compliance by a pro se petitioner with all of the requirements for invoking this Court's jurisdiction over an appeal from an adverse order[.]" Fullwood v. Sivley, 271 Ga. 248, 253, 517 S.E.2d 511, 516 (1999). The Georgia Supreme Court also determined that:

> the requirement that the unsuccessful petitioner timely apply for a certificate of probable cause is more than a procedural nicety related to securing appellate review of adverse judgments. Cases are not dismissed for failure to comply with procedural niceties, but only for failing to comply with jurisdictional prerequisites. Although an application for a certificate of probable cause was filed in this case, it was late. There is no legal distinction between the failure to file any application and the failure to file a timely application. In either event, there is a lack of compliance with the

---

[1] This rule has been changed, but, as the Georgia Supreme Court notified Clements, the then-applicable rules required that Clements' application be considered untimely. (Doc. No. 5-4).

5

jurisdictional requirement of O.C.G.A. § 9-14-52(b). An appellant's strict adherence to statutorily mandated time limits has always been considered an absolute requirement to confer jurisdiction upon an appellate court. In habeas corpus cases, the General Assembly has determined that the unsuccessful petitioner must timely file both a notice of appeal and an application for a certificate of probable cause in order to invoke this Court's jurisdiction. This Court cannot denigrate the General Assembly's determination by considering either a timely notice of appeal or a timely application as a mere procedural nicety. By filing his notice of appeal timely, Fullwood may have substantially complied with one of the elements for obtaining appellate review, but he failed utterly to satisfy the equally mandatory requirement that he also file a timely application for a certificate of probable cause.

Id. at 251, 517 S.E.2d at 514 (internal citation omitted).

Because Clements' certificate of probable cause to appeal was not "properly filed" on or before July 2, 2014, the statute of limitations period was not tolled while Clements' certificate remained pending (until September 18, 2014). Williams v. Crist, 230 F. App'x 861, 865-66 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), for the proposition that state procedural rules govern whether a filing in the state court is properly filed). Because Clements' appeal of the denial of his state habeas corpus petition was not properly filed on or before July 2, 2014, the applicable statute of limitations period began running once again. Clements did not place his § 2554 petition in the prison mail system until July 31, 2014, which is deemed the date he filed his petition. From July 2, 2014, until July 31, 2014, 29 days elapsed. Adding these 29 days to the 338 days which had already elapsed before Clements filed his state habeas corpus petition renders Clements' § 2254 petition, which was filed on July 31, 2014, untimely under the applicable statute by two (2) days.

Having determined that statutory tolling is not available to Clements, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

In this regard, the undersigned notes Clements' assertion that he filed his notice of appeal on June 18, 2014, in the Wheeler County Superior Court. Clements also asserts that his application for certificate of probable cause to appeal was not docketed until July 17, 2014, because the clerk of court returned his application with instructions to resubmit with either the filing fee or appropriate forms. (Doc. No. 7, p. 3). Clements contends that he did not receive the notification from the Georgia Supreme Court until early July. Clements alleges that he could not obtain the necessary documents any quicker than he did because he had to have his pauper's affidavit notarized, he had to obtain his financial account information from the penal institution, and the July 4th holiday occurred at that same time. In addition, Clements had to rely on the prison's mail system. (Doc. No. 8, p. 2).

Clements is entitled to the equitable tolling of the applicable statute of limitations. The Georgia Supreme Court's notice to Clements is dated June 25, 2014, and it is not beyond the realm of possibility or credibility that he did not receive this notification until early July. Clements' efforts to comply with the then-applicable court rules may have been hamstrung by the logistics of being a prisoner, as well as the occurrence of the Independence Day holiday. While Clements could have filed his state habeas corpus petition before April 18, 2012, the timeline involved in this case does not reveal an inmate who had no regard for his timely filing obligations, especially considering Clements filed this petition a mere two (2) days after the one-year statute of limitations period expired. Clements petition is timely pursuant to equitable tolling principles.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **DENIED**. It is also my **RECOMMENDATION** that, should the undersigned's initial recommendation be adopted as the opinion of the Court, the parties have a period of time to submit any desired pleadings for the Court's consideration of the relative merits of Clements' petition or of any other procedural restrictions on this Court's review of the merits of Clements' petition.

**SO REPORTED** and **RECOMMENDED**, this 7½ day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE