# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MICHAEL EDWARD CLEMENTS, :
:
    Petitioner, :
:
v. :
: CV 214-116
:
JASON MEDLIN, Warden, and :
BRIAN OWENS, Commissioner, :
:
    Respondents. :

## ORDER

After an independent and *de novo* review of the entire record, the undersigned rejects the Magistrate Judge's Report and Recommendation, to which Respondents filed Objections. In their Objections, Respondents assert that Petitioner Michael Clements ("Clements") failed to establish the existence of an extraordinary circumstance which prevented him from filing his 28 U.S.C. § 2254 petition in a timely manner. Respondents maintain that the delays the Magistrate Judge discussed in his Report were avoidable with diligence. Respondents also contend that the explanations given for the delays do not constitute the type of extreme circumstances necessary to justify the application of equitable tolling.

A prisoner must file a petition for a writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Clements's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Clements was convicted in the Long County Superior Court on April 19, 2007. Clements timely filed a motion for new trial, which was denied on April 21, 2010. Clements filed a direct appeal on May 19, 2010. The Georgia Court of Appeals affirmed Clements's conviction and sentence on May 4, 2011. Clements had a period

of ten (10) days to file a motion for reconsideration or a petition for a writ of certiorari. GA. CT. APP. R. 38. Clements filed neither of these pleadings. Thus, his conviction became final on May 16, 2011, as May 14, 2011 fell on Saturday. FED. R. CIV. P. 6(a)(1)(C) (if the last day of a period is a Saturday, Sunday, or legal holiday, the period continues until the next day that is not a Saturday, Sunday, or legal holiday). Because Clements's conviction became final on May 16, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled for "[t]he time during which a <u>properly</u> filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002) (internal citations and quotations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll." <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004); <u>see also Alexander v. Sec'y, Dep't of Corr.</u>,

523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired), abrogated on other grounds by Wall v. Kholi, 562 U.S. 545 (2011).

Clements's conviction became final on May 16, 2011, and he filed his state habeas corpus petition on April 18, 2012. By that time, 338 days of the statute of limitations period applicable to § 2254 petitions had elapsed. Clements's state habeas petition was denied on June 2, 2014, and he had until July 2, 2014 to file properly a notice of appeal in the Wheeler County Superior Court and an application for certificate of probable cause to appeal with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court.").

Clements submitted his original application for a certificate of probable cause to appeal to the Georgia Supreme Court sometime in mid-June of 2014. The Georgia Supreme Court notified Clements by letter dated June 25, 2014 that he did not pay the filing costs or supply a sufficient pauper's affidavit along with his application. (Doc. No. 8, p. 6). If the

4

original filing had been proper, Clements's application for a certificate of probable cause to appeal would have been timely pursuant to Georgia Supreme Court Rule 13. This Rule states that a document submitted by a pro se prisoner "shall be deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the Supreme Court Clerk." GA. SUPR. CT. R. 13. However, the Georgia Supreme Court also requires that costs associated with filing a case with that court be paid at the time of the filing of the application. "The Clerk is prohibited from receiving or filing an application . . . unless the costs have been paid or sufficient evidence of indigency . . . is filed or contained in the appellate record." GA. SUPR. CT. R. 5, ¶ 2.[1] Because Clements did not supply a sufficient pauper's affidavit with his original filing, the Georgia Supreme Court did not deem Clements's application acceptable until it was filed again on July 11, 2014. (Doc. No. 5-4). The Georgia Supreme Court has noted that "nothing in O.C.G.A. § 9-14-52 excuses compliance by a pro se petitioner with all of the requirements for invoking this Court's jurisdiction over an appeal from an adverse order[.]" Fullwood v. Sivley, 517 S.E.2d 511, 516 (Ga. 1999). The Georgia Supreme Court also determined that:

---

[1] This rule has since changed, but, as the Georgia Supreme Court later notified Clements, the then-applicable rules required that Clements's application be considered untimely. (Doc. No. 5-4).

5

the requirement that the unsuccessful petitioner
timely apply for a certificate of probable cause is
more than a procedural nicety related to securing
appellate review of adverse judgments. Cases are not
dismissed for failure to comply with procedural
niceties, but only for failing to comply with
jurisdictional prerequisites. Although an application
for a certificate of probable cause was filed in this
case, it was late. There is no legal distinction
between the failure to file any application and the
failure to file a timely application. In either
event, there is a lack of compliance with the
jurisdictional requirement of O.C.G.A. § 9-14-52(b).
An appellant's strict adherence to statutorily
mandated time limits has always been considered an
absolute requirement to confer jurisdiction upon an
appellate court. In habeas corpus cases, the General
Assembly has determined that the unsuccessful
petitioner must timely file *both* a notice of appeal
*and* an application for a certificate of probable cause
in order to invoke this Court's jurisdiction. This
Court cannot denigrate the General Assembly's
determination by considering *either* a timely notice of
appeal *or* a timely application as a mere procedural
nicety. By filing his notice of appeal timely,
Fullwood may have substantially complied with one of
the elements for obtaining appellate review, but he
failed utterly to satisfy the equally mandatory
requirement that he also file a timely application for
a certificate of probable cause.

Id. at 514 (internal citations omitted).

Because Clements's certificate of probable cause to appeal was not "properly filed" on or before July 2, 2014, the statute of limitations period was not tolled while Clements's application remained pending (until September 18, 2014). Williams v. Crist, 230 F. App'x 861, 865-66 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), for the

proposition that state procedural rules govern whether a filing in the state court is properly filed). Because Clements's appeal of the denial of his state habeas corpus petition was not properly filed on or before July 2, 2014, the applicable statute of limitations period began running once again. Clements did not place his § 2554 petition in the prison mail system until July 31, 2014, which is deemed the date he filed his petition. From July 2, 2014 until July 31, 2014, 29 days elapsed. Adding these 29 days to the 338 days which had already elapsed before Clements filed his state habeas corpus petition equals 367 days and renders Clements's § 2254 petition untimely under the applicable statute by two (2) days.

Having determined that statutory tolling is not available to Clements, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citing Pace, 544 U.S. at 418). "[T]he untimeliness of the filing must be the result of circumstances beyond [the petitioner's] control." Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002). Moreover, "garden variety" claims of excusable neglect and attorney negligence are not sufficient to

warrant equitable tolling. Holland v. Florida, 560 U.S. 631, 651-52 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286 (citations omitted).

The undersigned notes Clements's assertion that he filed his notice of appeal on June 18, 2014, in the Wheeler County Superior Court. Clements also asserts that his application for a certificate of probable cause to appeal was not docketed until July 17, 2014, because the clerk of court returned his application with instructions to resubmit it with either the filing fee or appropriate forms. (Doc. No. 7, p. 3). Clements contends that he did not receive the notification (dated June 25, 2014) from the Georgia Supreme Court until early July. Clements alleges that he could not obtain the necessary documents any quicker than he did because he had to have his pauper's affidavit notarized, he had to obtain his financial account information from the penal institution, and the July 4th holiday occurred at that same time. In addition, Clements had to rely on the prison's mail system. (Doc. No. 8, p. 2).

Despite these facts, Clements is not entitled to equitable tolling of the applicable statute of limitations. The Georgia Supreme Court's notice to Clements is dated June 25, 2014, yet his amended application, with proper proof of his indigency, was not filed until mid-July of 2014. The Court recognizes that

Clements's efforts to comply with the then-applicable Georgia Supreme Court rules may have been hamstrung by the logistics of being a prisoner, as well as the occurrence of the Independence Day holiday. However, delays of this sort, while out of an inmate's control, do not constitute extraordinary circumstances entitling an inmate to equitable tolling. Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (previously-decided case law suggested "that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."). Clements waited nearly a year (338 days) to file his state habeas corpus petition, which left very little time remaining in the one-year statute of limitations period applicable here. Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (the filing of a post-conviction motion only two days before Florida's statute of limitations expired did not demonstrate the diligence necessary for equitable tolling). The delays in this case were avoidable with diligence, and several of the circumstances causing delays were not beyond Clements's control. Clements could have filed his state habeas corpus petition earlier than he did, and he could have filed his application for certificate of probable cause to appeal with the proper forms in a timely manner. Clements also could have filed his federal habeas petition two days earlier. Clements did none

9

of those things, and he is not entitled to equitable tolling. Drew, 297 F.3d at 1286 (an inmate must show that an extraordinary circumstance—one that is beyond his control and unavoidable even with diligence—prevented the timely filing of a § 2254 petition). Clements fails to meet the burden of establishing his entitlement to equitable tolling of the statute of limitations period. Clements's 28 U.S.C. § 2254 petition, filed on July 31, 2014, was untimely filed.

Respondents' Objections are **SUSTAINED**. Respondents' Motion to Dismiss is **GRANTED**. Clements's 28 U.S.C. § 2254 petition is **DISMISSED**, with prejudice, as it was untimely filed. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 17TH day of February, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA